UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ATHENAHEALTH, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. 13-cv-10794-IT |
| | * |
| CARECLOUD CORPORATION, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

July 17, 2014

TALWANI, D.J.

I.  Introduction

The plaintiff, athenahealth Inc. ("Athena"), brings this suit against the defendant, Carecloud Corporation ("Carecloud"), for patent infringement. Presently at issue is Carecloud's Motion to Stay Litigation Pending Covered Business Method Review of U.S. Patent No. 7,617,116 [#43]. For the following reasons, the Motion is ALLOWED IN PART and DENIED IN PART. The Motion is ALLOWED insofar as this court stays this case, except as to claim construction briefing, until the date of the Patent Trial and Appeal Board's determination regarding whether to grant Covered Business Method review of the patent at issue. The Motion is DENIED with regard to claim construction briefing.

II.  Background

The Parties are providers of web-based services and software for optimizing medical practice management, including, among other things, medical practice billing and revenue cycle management. Athena owns U.S. Patent Number 7,617,116 ("the '116 patent") for Practice Management and Billing Automation System. Athena claims that Carecloud has infringed the

'116 patent, and Carecloud refutes that claim.

On June 5, 2014, Carecloud filed the motion to stay, seeking to stay this action pending the Patent Trial and Appeal Board's (the "Patent Board's") final decision on the Covered Business Method review of the '116 patent. On July 3, 2014, this court held a hearing on the motion and took the matter under advisement.

III. Discussion

The Leahy-Smith America Invents Act ("AIA" or the "Act")[1] sets forth the procedure for Covered Business Method review. Covered Business Method review is available to parties being sued or charged with infringement on a patent that involves a financial product or service.[2] After a petitioner files for Covered Business Method review, the respondent has up to three months from the notice of the filing of the petition to file a preliminary response.[3] Then, the Patent Board must decide whether to review the claim within three months after receiving the respondent's response to the claim.[4] If the Patent Board agrees to undertake Covered Business Method review, both parties to a patent dispute are involved in Covered Business Method review, which takes place before a panel of three administrative patent judges. At the conclusion

---

[1] Pub. L. No. 112-29, 125 Stat. 284 (2011).

[2] See Transitional Program for Covered Business Method Patents, United States Patent & Trademark Office, http://www.uspto.gov/aia_implementation/faqs_covered_business_method.jsp (last visited June 26, 2014).

[3] 35 U.S.C. § 323. Pursuant to AIA § 18(a)(1), a CBM proceeding "shall be regarded as, and shall employ the standards and procedures of, a post-grant review." Title 35 of the United States Code covers post-grant review.

[4] See 35 U.S.C. § 324(c)(1). If the respondent does not file a response to the claim, the Patent Board must decide whether to review the claim within three months of the last day that the respondent could have filed a response. Id. § 324(c)(2).

of the review, the Patent Board issues a final written decision regarding the patentability of the patent claims under review.[5] Either party may appeal the Patent Board's decision,[6] but the petitioner may not, in a separate civil action, assert any claim that the Patent Board ruled was invalid, as long as the petitioner raised or reasonably could have raised the ground for that claim during the Covered Business Method review.[7]

The Act provides a four-factor test that a court must consider in determining whether to enter a stay during Covered Business Method review:

> (A) whether a stay, or the denial thereof, will simply the issues in question and streamline the trial;
> (B) whether discovery is complete and whether a trial date has been set;
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.[8]

The Act does not explicitly address application of this test where the Patent Board has not yet granted Covered Business Method review. Some courts have found the inquiry premature,[9]

---

[5] 35 U.S.C. § 328(a).

[6] Id. § 329.

[7] Id. § 325(e)(2).

[8] AIA § 18(b)(1).

[9] See, e.g., Otto Bock Healthcare LP v. Össur Hf, No. 13-cv-891, slip op. at *3 (C.D. Cal. Dec. 16, 2013), available at Ex. A to Decl. Joshua J. Miller [#51]; see also, e.g., Protegrity Corp. v. PerspecSys USA, Inc., No. 3:13-cv-1383 (D. Conn. Mar. 11, 2014), available at Ex. D to Decl. Joshua J. Miller [#51] (finding a motion to stay pending CMB review "premature" because the Patent Board had not yet "granted review"); Trs. of Bos. Univ. v. Everlight Elecs., Ltd., No. 12-11935-FDS, Mem. & Order Defs.' Mot. Stay Litig. Pending Inter Partes Review [#104], at *3 (D. Mass. July 11, 2013) (denying a motion to stay pending a petition for inter partes review because "it would be premature for the Court to analyze this *potential* reexamination as cause for a stay").

and the Federal Circuit has ruled that this latter approach is not in error.[10] Other courts have applied this test before the Patent Board either granted or denied review.[11]

In this case, the original complaint was filed on April 5, 2013. It was not until June 2, 2014, that Carecloud filed with the Patent Board a petition for Covered Business Method review of the '116 patent. Athena still has until September 2, 2014 to file a preliminary response with the Patent Board.[12] The Patent Board will then have three months from the date of Athena's response to decide whether to institute Covered Business Method review.[13] In light of the length of time between the filing of the complaint and the anticipated date of the Patent Board decision on whether to grant or deny review, this court will proceed here by applying the four-factor test but will take into account that the Patent Board has not yet granted or denied Covered Business Method review.

A.  *Factor One: Whether the Stay Will Simplify the Issues*

If the Patent Board grants Covered Business Method review, there are several potential outcomes of that review that may simplify litigation. If the Patent Board cancelled or amended all or some of the '116 patent's claims ("Asserted Claims"), this litigation would be simplified because those issues would not need to be tried. If the Patent Board made no changes to the '116 patent after Covered Business Method review, the Patent Board's analysis of the '116 patent may

---

[10] See VirtualAgility, Inc. v. Salesforce.com, Inc., No. 2014-1232, slip op. at *16 (Fed. Cir. July 10, 2014) ("[I]t was not error for the district court to wait until the [Patent Board] made its decision to institute [Covered Business Method] review before it ruled on the motion.").

[11] See, e.g., Zillow, Inc. v. Trulia, Inc., No. C12-1549JLR, 2013 WL 5530573 (W.D. Wash. Oct. 7, 2013); Sightsound Techs., LLC v. Apple, Inc., No. 11-1292, 2013 WL 2457284 (W.D. Pa. June 6, 2013).

[12] See 35 U.S.C. § 323.

[13] See id. § 324.

4

still simplify the issues, because the petitioner would be estopped from asserting any claims that the Patent Board decided were invalid. In any event, the outcome of the Patent Board's review may encourage a settlement without further involvement of the court.

Here, however, the Patent Board has not yet granted that review. Without knowing whether the Patent Board will grant review, and, if it does, whether the review will encompass any of the claims at issue in this case, the court is not yet able to determine whether the stay will simplify the issues.

    B.    *Factor Two: Whether Discovery Is Complete and Whether the Trial Date Has Been Set*

Discovery in this case is not complete. The Parties have exchanged a limited number of documents, and deadlines for fact discovery, expert discovery, and dispositive motions have not been set. A trial date, similarly, has not been set. Given the early stage of discovery, this factor weighs in favor of staying discovery.

    C.    *Factor Three: Prejudice*

Here, the motion to stay and the administrative review request were not filed for fourteen months after the action was commenced. The request for review has not yet been granted, and there is evidence that the Parties are direct competitors. This factor thus weighs against issuing a stay.

    D.    *Factor Four: Burden of Litigation*

If the Patent Board grants review, a stay in this case may avoid duplication of efforts. Without a stay, the Parties may be burdened with litigating concurrently in multiple fora, and the court and the Parties would expend resources without the benefit of the Patent Board's decision on the Covered Business Method review. The additional burden will not be present, however, if

the Patent Board denies review. Accordingly, without knowing if review will be granted, the court is not yet able to determine whether a stay would decrease the burden of litigation.

IV.  Conclusion

Taken together, there is an interest in staying the aspects of this case that would present the biggest burden to the Parties to litigate before knowing whether the Patent Board had decided to institute Covered Business Method review. At the same time, there is also an interest in moving this case forward, particularly with regard to those aspects presenting a lesser burden on the Parties and the court. For these reasons, this court stays this case, except as to claim construction briefing, until the date of the Patent Board's determination regarding whether to grant Covered Business Method review of the patent at issue. If the Patent Board denies Covered Business Method review, this court intends to schedule a Markman hearing shortly after the Patent Board's determination.

ACCORDINGLY,

Carecloud's Motion to Stay Litigation Pending Covered Business Method Review of U.S. Patent No. 7,617,116 is ALLOWED IN PART and DENIED IN PART. The Motion is ALLOWED insofar as this court stays this case, except as to claim construction, until the date of the Patent Board's determination regarding whether to grant Covered Business Method review of the patent at issue. The Motion is DENIED with regard to claim construction briefing.

This court hereby extends the deadline for Carecloud's responsive claim construction brief to August 1, 2014; for Athena's reply claim construction brief to September 1, 2014; and for Carecloud's sur-reply claim construction brief to October 1, 2014.

The Parties are directed to file a joint report concerning the status of the petition for Covered Business Method review on October 1, 2014 and on the first date of each month

thereafter.

       IT IS SO ORDERED.

Date: July 17, 2014                                                /s/ Indira Talwani
                                                                        United States District Judge